IN THE MATTER OF THE ESTATE OF ERNEST MEYER,
DECEASED.

CLARA M. WACHSTEIN, PLAINTIFF-APPELLANT, v. MAX
POLLACK AND EVELYN POLLACK, DEFENDANTS-
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 26, 1960—Decided October 20, 1960.

Before Judges Conford, Foley and Leonard.

*Mr. Cyrus J. Bloom* argued the cause for plaintiff-appellant.

*Mr. Hymen B. Mintz* argued the cause for defendants-respondents.

The opinion of the court was delivered by

CONFORD, J. A. D.  This is a companion case to an appeal involving the same decedent's estate, entitled *Pollack v. Wachstein,* 63 *N. J. Super.* 336, decided by an opinion filed simultaneously herewith.  Much of the background of this case is related there and will not be repeated herein.

The complaint was for the removal of a co-trustee of a trust estate established for the benefit of plaintiff Clara M. Wachstein during her lifetime, remainder to her children, one of whom is the defendant Evelyn Pollack, under and pursuant to the will of Ernest Meyer, father of plaintiff, who died in 1921.  The circumstances preceding and attending the appointment of defendant Max Pollack, husband of Evelyn Pollack, and Abraham Bloom, husband of plaintiff's only other child, as substitutionary co-trustees of the trust, are related in the other opinion referred to, and are incorporated herein by reference.  So, also, as to the method and content of the determination by which both trustees were removed notwithstanding the complaint sought only the removal of Pollack.  Pollack does not appeal, and we have only to consider the appeal of Mrs. Wachstein in relation to the removal of Bloom.

A preliminary question is posed by defendants' contention that Mrs. Wachstein may not appeal as not aggrieved by the judgment removing Bloom, citing *In re Lent,* 142 *N. J. Eq.* 21, 22 (*E. & A.* 1948), and *In re Wolbert,* 47 *N. J. Super.* 120, 124 (*App. Div.* 1957).  A person is not aggrieved by a judgment unless his personal or pecuniary interests or property rights are injuriously affected thereby.  *Ibid.*  But Mrs. Wachstein is obviously aggrieved by a judgment denuding a trust of which she is life beneficiary of its fiduciaries, leaving no one to administer the trust.

However, in view of the nature of plaintiff's interest, she may not be heard to argue the violation of the

trustee's property rights in the trusteeship constituted by his removal without notice and an opportunity to be heard. That interest is solely the trustee's. An attorney appeared at the argument purporting to represent the trustee and asserting his adoption of and joinder in Mrs. Wachstein's appeal. But we think he is precluded from doing so, not having filed a timely notice of appeal in his own right or otherwise participated in the proceedings.

■■ As noted in the companion opinion, the determination to remove both trustees was based on the court's view that since a substituted administrator *c. t. a.* had been appointed in the Meyer estate case there was no need for a substituted trustee and that the two co-trustees were "unable to manage the estate amicably." Insofar as the first reason is concerned, it is neutralized by our concurrent reversal of the order appointing the substituted administrator. As to the second, there is no longer a co-trustee. A proper fiduciary to hold the trust estate under adequate bond, and, if appropriate pending the companion proceedings on remand, to administer it, should be designated forthwith. See the opinion in the companion case. A single judge should control both the trust and the proceedings on the remand in the other case, as well as any plenary action which may be brought. If it appears discreet, the trustee may be directed not to pay out any income until the estate matter is concluded or until the court otherwise orders.

The identity of the trustee to be designated should be and is left for the sound discretion of the trial court upon whatever further showing may be adduced. In this regard it may be noted that Abraham Bloom was not in default of any duty or obligation imposed upon him as trustee, the expense of his service is not apt to be an excessive burden on the relatively modest estate involved, and the elimination of Pollack through his failure to appeal the order of removal obviates any further difficulties by way of lack of cooperation between co-trustees. On the other hand, the trustee is empowered under the will to advance principal to the life

beneficiary and Bloom may be in a position of conflict of interest in view of the apparent hostility between plaintiff and defendants herein.

Reversed and remanded for further proceedings conforming with this opinion.